976 F.2d 1444
 142 L.R.R.M. (BNA) 2384, 298 U.S.App.D.C. 140
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
 ST. AGNES MEDICAL CENTER, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
and
District 1199C, National Union of Hospital and Health Care
Employees, and International Brotherhood of
Firemen and Oilers, Local 473, Intervenors.
 
 No. 91-1437.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 21, 1992.
 Before MIKVA, Chief Judge, and D.H. GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case came to be heard on a petition for review of a supplemental decision and order of the National Labor Relations Board, and it was briefed and argued by counsel. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by this Court that the petition for review be denied.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 4
 In 1984, the employees of St. Agnes Medical Center voted to decertify the union which had represented the bargaining unit since 1982. Based on the election results, petitioner asserted good faith doubt as to the majority status of the union and refused to negotiate a new collective bargaining agreement when the 1982 contract expired. The union filed a series of objections and unfair labor practice ("ULP") charges, asserting that St. Agnes' pre-election ULPs precluded it from asserting good faith doubt.
 
 
 5
 In 1987, the National Labor Relations Board ("NLRB" or "Board") affirmed an administrative law judge's ("ALJ's") finding that petitioner had committed a series of pre-election ULPs and consequently could not claim good faith doubt as to the union's majority status.
 
 
 6
 In 1989, this circuit upheld all but two of the ALJ's findings of pre-election unfair labor practices. St. Agnes Medical Center v. NLRB, 871 F.2d 137, 146 (D.C.Cir.1989). It rejected, however, the NLRB's suggestion that no decertification election that was later set aside as a result of an employer's "objectionable conduct" could serve as a basis for good faith doubt. It held that a case-by-case analysis was necessary. The court thus remanded to the Board for a reexamination of St. Agnes' assertion of good faith doubt in light of the court's winnowing of the ALJ's unfair labor practice findings. It required that the NLRB determine whether the pre-election ULPs "were of a nature that would significantly undercut employee support for the Union." Id. at 147.
 
 
 7
 In its "Supplemental Decision, Order, and Direction of Second Election," which is under review in this proceeding, the NLRB held that the hospital's ULPs were sufficiently serious to undercut employee support for the union, and that they thus cast doubt on the validity of the election results. The Board therefore ruled that petitioner could not rely on the results of the election to support its contention that it had good faith doubt as to the union's majority support. The decision also rejected petitioner's motion to overturn the monetary aspects of the Board's remedy or to reopen the record as to the appropriateness of monetary relief.
 
 
 8
 Petitioner challenged the NLRB's decision and order, claiming that the Board failed adequately to establish that the ULPs significantly diminished employee support for the union, and that the Board erred in refusing to overturn or reconsider the monetary aspects of the order.
 
 
 9
 Although the Board should in general ascertain the effect of the unfair labor practices by examining all the factors laid out in Williams Enterprises, Inc. v. NLRB, 956 F.2d 1226 (D.C.Cir.1992), we find that in this case the NLRB complied with the Court's mandate on remand by identifying a causal nexus between the ULPs found by the Board and previously upheld by this Court and the undermining of support for the Union. While the opinion on remand was brief, it did specifically discuss three significant unfair practices. Moreover, it alluded to the original 1986 ALJ opinion in this proceeding, which had detailed a number of other ULPs of a nature that might plausibly undermine employee support.
 
 
 10
 We also find that the delay in resolving this case did not require the Board to withhold or restrict monetary remedies. The Supreme Court has held that "the Board is not required to place the consequence of its own delay, even if inordinate, upon wronged employees to the benefit of wrongdoing employers." NLRB v. J.H. Rutter-Rex Mfg. Co., 396 U.S. 258, 264-65 (1969). We therefore deny the petition for review.